**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 30, 2011

Lyle W. Cayce
Clerk

No. 10-40906
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TUNEYSHA MILLER,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
No. 1:08-CR-69-5

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Tuneysha Miller was convicted by a jury of one count of conspiracy to dis-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tribute and to possess with intent to distribute at least 500 grams but less than five kilograms of cocaine HCL and one count of conspiracy to distribute and to possess with intent to distribute 1000 kilograms or more of marihuana. She argues that the district court erred by denying her motion to sever her trial from that of her codefendant.

Under Miller's view, she suffered spillover prejudice when the jury learned that her codefendant had a conviction for a similar offense. Miller does not, however, point to anything in the record concretely supporting her allegations of prejudice but merely asserts that she was prejudiced because she was tried with a codefendant whose prior drug conviction was made known to the jury. That claim does not show an abuse of discretion. *See United States v. Whitfield*, 590 F. 3d 325, 355 (5th Cir. 2009), *cert. denied*, 131 S. Ct. 136 (2010); *United States v. Solis*, 299 F.3d 420, 441 (5th Cir. 2002).

Miller avers that the government improperly vouched for the credibility of its witnesses and that the court reversibly erred by giving a deliberate ignorance instruction. Additionally, she contends that the cumulative effect of these errors warrants reversal. We disagree.

Although Miller preserved her claims to some of the alleged prosecutorial misconduct, she did not object to all of it or to the challenged jury instruction. Insofar as she failed to raise these claims in district court, they receive plain error review. *See United States v. Gracia*, 522 F.3d 597, 599-600 (5th Cir. 2008). Miller has failed to show error, plain or otherwise.

To the extent Miller argues that the prosecutor improperly bolstered the credibility of witnesses by eliciting testimony concerning clauses in their plea agreements binding them to testify truthfully, she is mistaken. *See United States v. Edelman*, 873 F.2d 791, 795 (5th Cir. 1989). Additionally, none of the disputed questioning and resulting testimony indicates the prosecutor's personal opinion of the witnesses' credibility or implies that she knew information that the jurors did not. *See United States v. Munoz*, 150 F.3d 401, 414 (5th Cir.

1998).  This showing likewise has not been made with respect to Miller's arguments that bolstering occurred during voir dire and closing arguments. Accordingly, Miller has not shown that the prosecutor acted improperly by vouching for credibility.

The trial transcript shows that the government adduced substantial evidence of Miller's guilty knowledge.  Consequently, even if the disputed instruction should not have been given, any error was harmless and therefore not plain. *See United States v. Wofford*, 560 F.3d 341, 352 (5th 2009).  Miller's cumulative-error argument is unavailing, because she has not shown that her trial was rendered fundamentally unfair by these alleged errors.  *See United States v. Fields*, 483 F.3d 313, 362 (5th Cir. 2007).

Miller maintains that the district court clearly erred by applying the U.S.S.G. § 2D1.1 firearms enhancement, because her coconspirator's possession of a firearm was not reasonably foreseeable to her.  *See United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010).  This argument does not merit relief, because testimony was sufficient to permit the court to find that the coconspirator "knowingly possessed the weapon while he and [Miller] committed the offense" and that this possession was reasonably foreseeable to her.  *See United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990) (internal quotation marks and citation omitted).

AFFIRMED.